**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4126**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DENNIS RAYNARD STEELE,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:06-cr-00243-TDS-1)

Submitted:  September 24, 2019                                Decided:  October 3, 2019

Before KING and AGEE, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Mark E. Edwards, EDWARDS & TRENKLE, PLLC, Durham, North Carolina, for Appellant.  Angela Hewlett Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dennis Raynard Steele appeals the 51-month sentence imposed following the district court's revocation of his supervised release. Steele's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding that there are no meritorious grounds for appeal, but questioning whether the district court erred in classifying Steele's most serious violation as a Grade A violation because, using the categorical approach, Steele's previous North Carolina drug conviction did not qualify as a controlled substance offense. *See* U.S. Sentencing Guidelines Manual §§ 4B1.2(b), 7B1.1 cmt. n.3 (2018). Although informed of his right to file a pro se supplemental brief, Steele has not done so. We affirm the district court's judgment.

Rather than evaluating the merits of a defendant's challenge to the calculation of the Sentencing Guidelines range, "we may proceed directly to an assumed error harmlessness inquiry." *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (internal quotation marks omitted).

> To apply this assumed error harmlessness inquiry we require (1) knowledge that the district court would have reached the same result even if it had decided the [G]uidelines issue the other way and (2) a determination that the sentence would be reasonable even if the [G]uidelines issue had been decided in the defendant's favor.

*United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017) (internal quotation marks omitted). The error will be deemed harmless only when we are "certain" that these inquiries are met. *United States v. Gomez*, 690 F.3d 194, 203 (4th Cir. 2012).

Here, the first inquiry is met because the "district court . . . expressly stated in a separate and particular explanation that it would have reached the same result." *Gomez-*

2

*Jimenez*, 750 F.3d at 383. The district court stated at sentencing that it would impose a 51-month sentence even if the violation was a Grade B violation. As to the second inquiry, a revocation sentence is reasonable "if the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed," up to the statutory maximum. *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (brackets and internal quotation marks omitted). Here, the district court offered several reasons for its within-policy statement range sentence and relied on appropriate factors in its consideration. *See* 18 U.S.C. §§ 3553(a), 3583(e) (2012). Therefore, the sentence was reasonable under the second inquiry.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Steele, in writing, of the right to petition the Supreme Court of the United States for further review. If Steele requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Steele.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*